UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL YOUNG,

Plaintiff,

v.

JEFF BEZOS, et al.,

Defendants.

CASE NO. C25-2300-JNW

§ 1915 DISMISSAL ORDER

## 1. INTRODUCTION

The Court raises this matter of its own accord. Pro se Plaintiff Michael Young pursues this action in forma pauperis (IFP) against Defendants Jeff Bezos and Amazon Selfbook Publishing Corp. Dkt. No. 6. After reviewing the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds that Young fails to state a claim on which relief may be granted and DISMISSES his complaint.

## 2. BACKGROUND

Young is the author of a book entitled "Elvis and Society," concerning "the rock and roll singer Elivis [sic] Presley and society based on legal and reliable information from a legal investigator." Dkt. No. 6. He alleges that the book has been

§ 1915 DISMISSAL ORDER - 1

sold in 38 different countries "and has grossed some 200 million dollars or more in book royalties." *Id.* However, Young claims that Defendants have refused to pay him any of the royalties owed for sales of "Elvis and Society." *Id.* He also claims that Defendants have "made up false stories and lies that are published on Amazon" that fraudulently identify Young as "a famous baseball player, a famous writer that has written several best-selling books, a famous football player, and a famous professor." *Id.* He also claims that Defendants' actions violate "the 1983 Federal Civil Rights Laws"— i.e., 42 U.S.C. § 1983.[1]

## 3. DISCUSSION

When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive Section 1915 review, a complaint must meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to

---

[1] Young also alleges that in 2004, then-television host Donald Trump and NBC stole his songwriting idea for use on a television show but does not name either Trump or NBC in the complaint. Dkt. No. 6.

§ 1915 DISMISSAL ORDER - 2

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

At the same time, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). But even so, the duties imposed on the Court by Section 1915 are unwavering, and when a pro se IFP plaintiff fails to state a claim, the action must be dismissed.

Based on Young's allegations, he has failed to state a claim against Defendants upon which relief may be granted. First, Young's Section 1983 claim is subject to dismissal because Bezos and Amazon are private individuals. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Bezos and Amazon are private individuals and non-governmental corporate entities which, for the purposes of Section 1983, do not act under color of state law. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982).

§ 1915 DISMISSAL ORDER - 3

Second, Young's claims of fraud fail as he is unable to establish several of the necessary elements. In Washington, a party claiming fraud must show each of nine elements: (1) representation of an existing fact, (2) materiality, (3) falsity, (4) the speaker's knowledge of its falsity, (5) intent of the speaker that it should be acted upon by the plaintiff, (6) plaintiff's ignorance of its falsity, (7) plaintiff's reliance on the truth of the representation, (8) plaintiff's right to rely upon it, and (9) damages suffered by the plaintiff. *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996). Based on the allegations in the Complaint, Young fails to show how Defendants knowingly misidentified him with an intent that he should act upon that misidentification. Furthermore, Young does not explain how he acted on the misidentification or any harm which he suffered by being described as, among other things, a "famous writer," a moniker which he appears to agree with based on the claimed success of "Elvis and Society." The name "Michael Young" is not uncommon, and Plaintiff may share it with a number of notable entertainers, politicians, academics, and athletes.

## 4.  CONCLUSION

The Court FINDS that the operative complaint, Dkt. No. 6, fails to state a claim on which relief may be granted, and therefore DISMISSES the Complaint WITHOUT PREJUDICE. Young's motion to appoint counsel, Dkt. No. 8, is DENIED as MOOT.

Dated this 30th day of January, 2026.

Jamal N. Whitehead
United States District Judge

§ 1915 DISMISSAL ORDER - 4